7a 551
48 101ð

## STATE v. WILSON TUCKER.

Appeal dismissed, because the record was defective, containing no final nor intercolutory decree, upon which the court was authorized to act.

The statute of 1846 (p. 335 of the Revised Statutes) gives to the Supreme Court jurisdiction of an appeal in criminal cases, from final judgments alone, returnable as in civil suits, and requires the clerk of the court granting the appeal, to make out the transcript, as in civil cases.

APPEAL from the District Court of the Parish of Bossier, *Charles A. Bullard*, J. *C. H. Morrison*, District Attorney, for the State. *Lawson* and *Cooke*, and *Stillman*, for prisoner. By the court:

DUNBAR, J. The defendant indicted for the crime of murder, was found guilty by a jury, as charged in the bill of indictment, without capital punishment,

The case comes before us upon motions in arrest of judgment, for a new trial, and various bills of exceptions, all of which have been argued by counsel, on behalf of the State and the prisoner. Upon the examination of the record, we find it so exceedingly defective, that we feel ourselves constrained to dismiss the appeal. It contains neither a final or interlocutory decree, upon which we are authorized to act.

The statute of 1846 gives to this court jurisdiction of an appeal in criminal cases, from final judgments alone, returnable as in civil suits, and requires the clerk of the court granting the appeal, to make out the transcript of the record, as in civil cases.

It is therefore ordered, that the appeal in this case be dismissed, without prejudice to the right of the accused to take another appeal.

Application for re-hearing was made, and Acts 1839, March 10th, page 170; 17 L. R. 115; 17 L. R. 466; 2 Ann. 769, cited. Re-hearing refused.